UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CONOCOPHILLIPS GULF OF PARIA B.V.,<br><br>Petitioner,<br><br>v.<br><br>CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A.,<br><br>Respondents. | Case No. 19-cv-7304 |

## DECLARATION OF ELLIOT FRIEDMAN

I, Elliot Friedman, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am an attorney admitted to practice before this Court and a partner with the law firm Freshfields Bruckhaus Deringer US LLP, counsel for petitioner ConocoPhillips Gulf of Paria B.V. ("CGP" or "Petitioner").

2. I respectfully submit this declaration in support of Petitioner's Petition to Confirm, Recognize and Enforce an Arbitration Award against Corporación Venezolana del Petróleo, S.A. ("CVP") and Petróleos de Venezuela, S.A. ("PDVSA") (together, the "Respondents").

3. I make this declaration by reference to certain exhibits appended hereto and in respect of facts personally known to me.

*The ICC Arbitration Award*

4. On July 29, 2019, an arbitral tribunal (the "Tribunal") duly constituted under the auspices of the International Chamber of Commerce ("ICC"), issued a final, binding arbitration award (the "Final Award") in favor of Petitioner and against Respondents in *ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A. and Petróleos de Venezuela, S.A.*,

Case No. 22527/ASM/JPA (the "ICC Arbitration"). The ICC transmitted a copy of the Final Award to the parties on August 2, 2019. The Tribunal issued the Final Award after an evidentiary hearing, and based on a large factual record and extensive briefing. A true and correct copy of the Final Award is appended hereto as Exhibit A.

5. The Final Award orders CVP and PDVSA to pay Petitioner US $33,700,000, plus interest from October 22, 2002, at the rate of LIBOR plus 1%. Interest currently amounts to US $23,126,769. The Final Award further orders Petitioner to pay Respondents the amount of US $2,500,000 in legal fees and other expenses, and orders Respondents to reimburse to Petitioner the sum of US $242,500 in arbitration costs.[1] The net aggregate value of the Final Award to Petitioner, at present, is US $54,569,269 (inclusive of interest to date).

### *The Arbitration Agreements*

6. The Final Award results from disputes between Petitioner and Respondents that arose under three contracts associated with Petitioner's investment and participation in an off-shore oil project in the Gulf of Paria in the Bolivarian Republic of Venezuela ("Venezuela"), known as the "Corocoro Project."

7. Those three contracts are:

   a. the Association Agreement between Conoco Venezuela B.V. (of which Petitioner CGP is the successor in interest) and Respondent CVP, dated July 10, 1996. A true and correct copy of the Corocoro Association Agreement (including the arbitration clause), with English translation, is appended hereto as Exhibit B.

   b. the Guarantee of Proper Performance between Conoco Venezuela B.V. (of which CGP is the successor in interest) and Respondent PDVSA, dated July 10, 1996. A true and correct copy of the Corocoro Guarantee (including the

---

[1] The Award orders Respondents to reimburse Petitioner for certain fees and expenses in the amount of €213,302.55. Ex. A, ¶ 423.viii. The Award states that this Euro-denominated figure is equivalent to US $242,500. *Id.* at ¶ 422.i. For simplicity, the figures provided in this submission are denominated solely in US dollars.

      arbitration clause), with English translation, is appended hereto as Exhibit C.

    c.    the Consortium Agreement between, among others, Conoco Venezuela C.A. (of which CGP is the successor in interest) and CVP, dated May 16, 2003. A true and correct copy of the Gulf of Paria West Consortium Agreement (including the arbitration clause), with English translation, is appended hereto as Exhibit D.

### *The ICC Arbitration*

8. Petitioner commenced the ICC Arbitration that is the subject of the Petition on December 30, 2016 by filing a Request for Arbitration under the Association Agreement, its related Guarantee, and the Consortium Agreement. *See* Ex. A, ¶ 76.

9. The Tribunal was constituted on May 24, 2017 in accordance with the ICC Rules. It consisted of two co-arbitrators, Professor Laurent Aynès (appointed by Petitioner) and Professor Andrea Giardina (appointed by Respondents), who together nominated Dr. Laurent Lévy as President of the Tribunal. *See id.* at ¶¶ 78–80.

10. Pursuant to the timetable established by the Tribunal, the parties exchanged briefing (accompanied by witness statements, expert reports and exhibits) and engaged in documentary discovery. The initial Case Management Conference was held on July 13, 2017 via telephone. The parties made written submissions to the Tribunal in support of their claims on October 13, 2017, June 8, 2018, and February 11, 2019 (by Petitioner); and on January 12, 2018, September 14, 2018, and February 1, 2019 (by Respondents). The Tribunal convened a final hearing between October 29, 2018 and November 2, 2018.

11. The Tribunal issued the Final Award in the ICC Arbitration (Exhibit A appended hereto) on July 29, 2019. On August 2, 2019, the ICC delivered a copy of the Final Award to both parties.

*Separate ICSID and ICC Arbitrations*

12. On November 2, 2007, prior to the commencement of the ICC Arbitration that is the subject of this Petition, CGP and other affiliates of ConocoPhillips Company commenced an arbitration against Venezuela for, *inter alia*, the unlawful expropriation of their investments in the Corocoro Project and in the extra-heavy crude oil Hamaca and Petrozuata Projects. That arbitration proceeding, which was heard under the auspices of the International Centre for Settlement of Investment Disputes ("ICSID"), an arm of the World Bank, was premised on an international law instrument—a bilateral investment treaty—and the claims asserted were governed by international law (the "ICSID Arbitration"). The final award in the ICSID Arbitration proceeding was delivered on March 8, 2019. The ICSID tribunal found Venezuela to have effected an expropriation in violation of international law, and awarded damages of US $8,754,907,155. The ICSID award is now the subject of rectification proceedings before the ICSID tribunal (initiated by Venezuela to correct claimed computational errors), and recognition and enforcement proceedings in the District Court for the District of Columbia. *See ConocoPhillips Petrozuata B.V. et al. v. Bolivarian Republic of Venezuela*, No. 1:19-cv-00683 (D.D.C. filed Mar. 11, 2019). A true and correct copy of the March 8, 2019 ICSID award is appended hereto as Exhibit E. A true and correct copy of the petition to recognize and enforce the March 8, 2019 ICSID award is appended hereto as Exhibit F.

13. In addition, on October 10, 2014, the ConocoPhillips entities involved in the Petrozuata and Hamaca Projects brought two contractual ICC arbitration claims against PDVSA and the subsidiaries of PDVSA that were their counterparts in the Petrozuata and Hamaca Projects. These cases were subsequently consolidated. An award was rendered on April 24, 2018. On April 26, 2018 a petition for recognition and enforcement was filed in the District Court for the Southern

District of New York. A true and correct copy of that petition is appended hereto as Exhibit G. The award in the Petrozuata and Hamaca arbitration was subsequently confirmed and entered as a judgment in *Phillips Petroleum Co. Venezuela Ltd. et al. v. Petróleos De Venezuela, S.A. et al.*, No. 1:18-cv-03716 (S.D.N.Y. August 23, 2018). A true and correct copy of that judgment is appended hereto as Exhibit H.

### *The Final Award is Unsatisfied*

14. Respondents have not paid Petitioner any portion of the Final Award.

\*\*\*

15. I declare under penalty of perjury that the foregoing is true and correct.

Executed on: August 5, 2019
New York, New York

_____
Elliot Friedman