```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
CONOCOPHILLIPS GULF OF PARIA B.V.,                            :
                                      Petitioner,             :
                                                              :    19 Civ. 7304 (LGS)
              -against-                                       :
                                                              :    ORDER
CORPORACION VENEZOLANA DEL                                    :
PETROLEO, S.A., et al.,                                       :
                                      Respondents.            :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 5, 2019, Petitioner ConocoPhillips Gulf of Paria B.V. filed a Petition to Confirm, Recognize and Enforce Arbitration Award (the "Petition"). *See* Dkt. No. 1. On March 27. 2020, Respondents Corporacion Venezolana Del Petroleo, S.A. and Petroleos De Venezuela, S.A. filed a memorandum of law in opposition to the Petition. *See* Dkt. No 40. Petitioner filed a reply in support of its Petition on April 10, 2020. *See* Dkt. No. 43.

WHEREAS, the Petition is brought under Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, and Article III of United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"), to confirm, recognize and enforce a final, binding arbitration award issued in New York, New York, on July 29, 2019 (the "Award"), by an arbitral tribunal (the "Tribunal") duly constituted under the auspices of the International Chamber of Commerce ("ICC") in *ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A. and Petróleos de Venezuela, S.A.*, Case No. 22527/ASM/JPA (the "Arbitration").

WHEREAS, on July 29, 2019, the Tribunal rendered the Award, granting Petitioner's claim for failure to repay a loan to finance Respondents' purchase of a 35% stake in an oil field

under, *inter alia*, the Association Agreement, and dismissing all other claims.  Section V. Decision, paragraph 423 of the Award holds, in relevant part, that the Tribunal:

    ii.    **GRANTS** [Petitioner's] Particular Breaches Claim . . ., and therefore **ORDERS** [Respondents] to restitute [Petitioner] the portion of the loan extended . . . in the amount of USD 33,700,000.00.

    iii.    **AWARDS** [Petitioner] interest to run from 22 October 2002 until the date of full and final payment of the amount indicated . . . above, at a rate of LIBOR plus 1% *per annum*.

    iv.    **DISMISSES** all the remaining Contractual Claims brought by [Petitioner] . . .

    vii.    **DECLARES** that [Petitioner] is to bear its own legal fees and other costs and expenses, and pay to [Respondents] the amount of USD 2,500,000.00 to cover part of the [Respondents'] legal fees, and other costs and expenses.

    viii.    **DECLARES** that the fees and expenses of the Tribunal . . . are to be born 75% by [Petitioner] and 25% by [Respondents].  [Respondents] must thus reimburse to [Petitioner] the amount of EUR 213,302,55 . . .

    ix.    **DECLARES** that the amounts indicated in paragraphs 423.vii and 423.viii above shall not carry any pre or post-award interest.

    x.    **DISMISSES** any and all other claims and requests.

*See* Dkt. No. 10-1 at 165.

WHEREAS, Respondents do not oppose the entry of a judgment confirming the Award, but the parties dispute the interpretation of the award language of "plus 1% per annum."[1] Petitioner maintains that the Award provides for compound interest, while Respondent argues that the Award provides for simple interest.  The monetary difference between these two interpretations amounts to approximately $8 million.

WHEREAS, Petitioner also requests legal fees and costs incurred in this confirmation

---

[1] Respondent asserts that the LIBOR rate to which the Award refers is the three-month LIBOR rate, and Petitioner does not object to this interpretation.

action, arguing that Respondents' refusal to accept service in this proceeding burdened Petitioner and the Court, and attorneys' fees are accordingly appropriately awarded. Respondents oppose the request.

WHEREAS, Respondents also ask that the Court stay enforcement of any judgment confirming the Award, pursuant to Venezuelan sanctions regulations issued by the U.S. Treasury Department's Office of Foreign Assets Control ("OFAC") providing that "the enforcement of any . . . judgement" against Respondents "is prohibited unless authorized pursuant to a specific license issued by OFAC," 31 C.F.R. § 591.407, pending Petitioner's obtaining a license from OFAC. Petitioner opposes Respondents' request. It is hereby

**ORDERED** that the action is remanded to the Tribunal for clarification of the Section V, paragraph 423.iii with respect to whether the interest rate of "1% per annum" is simple or compound.

The Award found that Respondents failed to repay the loan extended by Petitioner to Respondents, and that it is "not controversial that, pursuant to Clause 8.5 of the [Association Agreement], the principal loan amount carried interest at a 'rate of LIBOR plus 1% per annum . . ." *See* Award at ¶ 369, Dkt. No. 10-1 at 144. In support of this statement, the Award cites, *inter alia*, the Association Agreement section 8.5, and the related Annex D, Section 8.2.2. *See* Award at ¶ 369 n.664, ¶ 373 n.672, Dkt. No. 10-1 at 144 n.665, 146 n.672. Section 8.5 of the Association Agreement provides that:

> relevant Participating Investors shall be deemed to have lent the purchase price to [Respondents] at an interest rate of LIBOR plus 1% per annum accruing from the date of the relevant Declaration of Commerciality Principal and interest on such loan shall be payable by [Respondents] solely to the extent of [Respondents] deemed net after-tax cash flow from the related Development Area determined in accordance with the Accounting Procedures."

Dkt. No. 10-2 at 31. Annex D, the Association Agreement Accounting Procedures, Section 8.2.2

provides that:

> [t]he loan made by the Participating Investors pursuant to Article 8.2.1 shall bear interest at LIBOR plus per annum from the date of the relevant Declaration of Commerciality through the respective dates of payment.  For these purposes the principal balance on which interest shall accrue from the date of the Declaration of Commerciality through the date of acquisition shall be the full purchase price determined pursuant to Article 8.1.1 . . . .

Dkt. No. 10-3 at 45.  The Award does not state whether the interest rate awarded is compound or simple.  It also does not cite or address Section 8.2.3 of Annex D, which Petitioner argues was adopted by the Award and provides for compound interest, or whether Venezuelan law restricts the Tribunal's power to award compound interest, which Respondents assert this same Tribunal found to be the case in a prior arbitration award, and which was an argument put forward by Respondents in the underlying arbitration.  Both parties insist that the Tribunal would not have adopted the opposing party's interpretation of the award *sub silentio*.  Upon review of the submissions, it cannot be said that either argument is definitively correct.

"[T]he well-settled rule in this Circuit that when asked to confirm an ambiguous award, the district court should instead remand to the arbitrators for clarification."  *Gen. Re Life Corp. v. Lincoln Nat'l Life Ins. Co.*, 909 F.3d 544, 549 (2d Cir. 2018); *accord Park Ave. Life Ins. Co. v. Allianz Life Ins. Co. of N. Am.*, No. 19 Civ. 1089, 2019 WL 4688705, at *1 (S.D.N.Y. Sept. 25, 2019).  An arbitral award is ambiguous when it "is susceptible to more than one interpretation." *Gen. Re Life Corp.*, 909 F.3d at 548.  The parties present two competing interpretations with respect to whether the interest rate of "1% per annum" is simple or compound, neither of which is found to be definitively correct.  The Award is accordingly ambiguous, and is remanded for clarification.  *See Gen. Re Life Corp.*, 909 F.3d at 549 ("Here, each party offered a different interpretation of what the language at issue meant, and the arbitral panel said it meant something else altogether. Given that the language is susceptible to multiple meanings, it is ambiguous.").

4

Both parties assert that, to the extent that there is ambiguity in the Award, the Court has authority to modify the Award to resolve the ambiguity pursuant to 9 U.S.C. § 11(c).  But the cases cited are inapposite.  *See Vertical UK LLP v. Dundee Ltd.*, No. 10 Civ. 1173, 2011 WL 2419859, at *4 (S.D.N.Y. June 13, 2011) (declining to modify an award because the court did not find clear error or oversight, noting "[a] review of the very few cases in which a modification under Section 11(c) was granted reveals that Section 11(c) allows courts to modify arbitration awards to reflect the clear intent of the arbitrator when that intent was not expressed due to error or oversight"); *Fischer v. CGA Computer Assocs., Inc.*, 612 F. Supp. 1038, 1041 (S.D.N.Y. 1985) (finding modification appropriate where "[m]odifying the award pursuant to petitioner's request by, in effect, substituting 'DECLARES' for 'FINDS' in the first sentence of the arbitration award would not affect the merits of the controversy, but merely involves a matter of semantics").  Where the difference between the two interpretations amounts to approximately $8 million, it cannot be held that "[t]he arbitrators have unambiguously determined the rights and liabilities of the parties" and the modification is "merely . . . a matter of semantics."  *Fischer*, 612 F. Supp. at 1041.  *See also York Research Corp. v. Landgarten*, 927 F.2d 119, 123 (2d Cir. 1991) ("We are unable to determine whether the arbitrators intended the word 'expenses' to include attorneys' fees.  For this reason, we remand that portion of the case to the district court with instructions to seek clarification from the arbitrators.").

Respondents also argue that Petitioner failed to assert its argument that a compound interest rate should be applied to the loan repayment in the underlying arbitration, and has therefore waived its right to raise it in the enforcement action.  Even assuming this is true, until Petitioner was aware that Respondents would take the position that it now takes with respect to the interest rate on the loan repayment specifically, Petitioner was not obligated to object.  *See*

5

*Gen. Re Life Corp.*, 909 F.3d at 548 ("Until it was aware that General Re would take the position that it did, Lincoln was not obligated to object."). The Court declines to find that Petitioner waived the argument. It is further

ORDERED that Petitioner's request for attorneys' fees and costs for this action is DENIED. Petitioner cites to no binding legal authority supporting its argument for attorneys' fees and costs for this action. It is further

ORDERED that the request to stay execution of the judgment is DENIED as moot, pending clarification of the Award.

Dated: August 13, 2020
      New York, New York

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**