UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
CONOCOPHILLIPS GULF OF PARIA B.V.,                            :
                                          Petitioner,         :
                                                              :   19 Civ. 7304 (LGS)
                   -against-                                  :
                                                              :   ORDER
CORPORACION VENEZOLANA DEL                                    :
PETROLEO, S.A., et al.,                                       :
                                          Respondents.        :
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on August 5, 2019, Petitioner ConocoPhillips Gulf of Paria B.V. filed a Petition to Confirm, Recognize and Enforce Arbitration Award (the "Petition"). *See* Dkt. No. 1. On March 27, 2020, Respondents Corporacion Venezolana Del Petroleo, S.A., and Petroleos De Venezuela, S.A. filed a memorandum of law in opposition to the Petition. *See* Dkt. No. 40. Petitioner filed a reply in support of its Petition on April 10, 2020. *See* Dkt. No. 43.

WHEREAS, the Petition was brought under Section 207 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 207, and Article III of United Nations Convention for the Recognition and Enforcement of Foreign Arbitral Awards, June 10, 1958, 21 U.S.T. 2517, 330 U.N.T.S. 38 (the "New York Convention"), to confirm, recognize and enforce a final, binding arbitration award issued in New York, New York, on July 29, 2019, (the "Award"), by an arbitral tribunal (the "Tribunal") duly constituted under the auspices of the International Chamber of Commerce ("ICC") in *ConocoPhillips Gulf of Paria B.V. v. Corporación Venezolana del Petróleo, S.A. and Petróleos de Venezuela, S.A.*, Case No. 22527/ASM/JPA (the "Arbitration").

WHEREAS, on July 29, 2019, the Tribunal rendered the Award, granting Petitioner's claim for failure to repay a loan to finance Respondents' purchase of a 35% stake in an oil field under, inter alia, the Association Agreement, and dismissing all other claims. Section V.

Decision, paragraph 423 of the Award holds, in relevant part, that the Tribunal:

    ii.    **GRANTS** [Petitioner's] Particular Breaches Claim . . ., and therefore **ORDERS** [Respondents] to restitute [Petitioner] the portion of the loan extended . . . in the amount of USD 33,700,000.00.

    iii.    **AWARDS** [Petitioner] interest to run from 22 October 2002 until the date of full and final payment of the amount indicated . . . above, at a rate of LIBOR plus 1% per annum.

    iv.    **DISMISSES** all the remaining Contractual Claims brought by [Petitioner] . . .

    vii.    **DECLARES** that [Petitioner] is to bear its own legal fees and other costs and expenses, and pay to [Respondents] the amount of USD 2,500,000.00 to cover part of the [Respondents'] legal fees, and other costs and expenses.

    viii.    **DECLARES** that the fees and expenses of the Tribunal . . . are to be born 75% by [Petitioner] and 25% by [Respondents]. [Respondents] must thus reimburse to [Petitioner] the amount of EUR 213,302,55 . . .

    ix.    **DECLARES** that the amounts indicated in paragraphs 423.vii and 423.viii above shall not carry any pre or post-award interest.

    x.    **DISMISSES** any and all other claims and requests.

*See* Dkt. No. 10-1 at 165.

WHEREAS, Respondents did not oppose the entry of a judgment confirming the Award, but the parties disputed the interpretation of the award language of "plus 1% per annum." Petitioner maintained that the Award provides for compound interest, while Respondent argued that the Award provides for simple interest. The monetary difference between these two interpretations amounts to approximately $8 million.

WHEREAS, on August 13, 2020, the Court issued an Order remanding the action to the Tribunal for clarification of Section V, paragraph 423.iii with respect to whether the interest rate of "1% per annum" is simple or compound, and denying Petitioner's request for attorneys' fees and costs. *See* Dkt. No. 44.

WHEREAS, on October 5, 2020, Petitioner filed a Notice of Motion, indicating that it will move the Court "for an Order entering judgment as to Petitioner's claim against Respondents" (the "Motion"). *See* Dkt. No. 45.

WHEREAS, on October 5, 2020, Petitioner filed a Memorandum In Support Of Petitioner's Motion for Entry Of Judgment On Undisputed Portion of Award, requesting that the Court "confirm[] the undisputed portion of the arbitration award, and [] enter judgment on same." *See* Dkt. No. 47 at 2.

WHEREAS, pursuant to Local Civil Rule 6.3, "[u]nless otherwise provided by the Court or by statute or rule (such as Fed. R. Civ. P. 50, 52, and 59), a notice of motion for reconsideration or reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's determination of the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment." S.D.N.Y. Local Civil Rule 6.3.

WHEREAS, pursuant to Federal Rule of Civil Procedure 59(e), "[a] motion to alter or amend a judgment must be filed not later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). It is hereby

**ORDERED** that, Petitioner's Motion is construed as a motion to alter or amend a judgment. It is further

**ORDERED** that, Petitioner's Motion -- filed 53 days after the Court issued its Order at Dkt. No. 44 -- is **DENIED** as untimely, pursuant to Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3.

The Clerk of Court is respectfully requested to close the motion at Docket No. 46.

Dated: October 8, 2020
New York, New York

3

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE