UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CONOCOPHILLIPS GULF OF PARIA B.V.,

Petitioner,

-v-

CORPORACIÓN VENEZOLANA DEL PETRÓLEO, S.A., and PETRÓLEOS DE VENEZUELA, S.A.

Respondents.

Case No. 1:19-cv-07304-LGS

**STIPULATION AND (PROPOSED) PROTECTIVE ORDER**

WHEREAS, Petitioner ConocoPhillips Gulf of Paria B.V. ("Judgment Creditor") served a subpoena duces tecum (the "Subpoena") on nonparty JPMorgan Chase Bank, N.A. ("JPMorgan") in this action (the "Action"); and

WHEREAS, the Subpoena requests that JPMorgan furnish documents, some of which may contain certain confidential information of JPMorgan or its customers or parties to bank transactions (the "Confidential Information") to the Judgment Creditor; and

WHEREAS JPMorgan is willing to make certain Confidential Information available to the Judgment Creditor, subject to the terms and conditions of a protective order

IT IS HEREBY STIPULATED AND AGREED by and between the Judgment Creditor and JPMorgan, by and through their respective undersigned counsel, as follows:

1. The Judgment Creditor hereby acknowledges and agrees that JPMorgan's Confidential Information includes highly sensitive, confidential and/or proprietary information. Judgment Creditor covenants and agrees that it will not (a) disclose, file, disseminate, or otherwise transfer any of JPMorgan's Confidential Information to any other person or entity, except for the purpose of this enforcement Action, or in any legal or administrative proceeding for the purpose of enforcement of the debt evidenced by the Judgment Creditor's judgments against the debtors named in the Action and/or for the purpose of enforcement of the Judgment Creditor's judgments against the debtors named in the Action (together, the "Proceedings") or (b) otherwise use or disclose any of JPMorgan's Confidential Information for its own benefit, or for the benefit of any other person or entity. Notwithstanding the foregoing, however, the Judgment Creditor may (as necessary) disclose Confidential Information to its affiliated entities' employees, agents, or legal counsel, or its respective employees, who will assist it in the Proceedings, provided, however, that the Judgment Creditor will require its employees or agents to comply with the terms of this Stipulated Protective Agreement and Order (the "Order"), and will be liable for any breach of this Order by any of its employees, agents, or counsel. The Judgment Creditor covenants and agrees that the documents containing the

Confidential Information will not be filed with any clerk of Court, except together with a motion to file under seal with notice to JPMorgan, unless filings in such proceedings are not available to the public without leave of the Court. JPMorgan and JPMorgan's counsel reserve the right to disseminate, disclose, produce, file, or otherwise use the documents containing the Confidential Information in any manner they deem appropriate. The obligations herein shall not apply to information already in the public domain or known to the Judgment Creditor or its counsel, consultants, or experts, as demonstrated by written or tangible record or obtained from a third party not under any obligation of confidentiality.

2. Confidential Information may be designated as such by JPMorgan or JPMorgan's counsel by marking the first page of a document, or the confidential pages or portions of a page, with the word "CONFIDENTIAL" at the time the document is produced, served or provided, or by otherwise designating the information, testimony or other item as Confidential Information at the time it is produced, served, provided or otherwise created, imparted or disclosed.

3. In the event that the Judgment Creditor, its counsel, or any of its representatives or employees receive a request or are required by applicable law, regulation or legal process to disclose any Confidential Information to a court or other tribunal, the Judgment Creditor, its counsel, and its representatives or employees, as applicable, shall disclose only that portion of the Confidential Information which is legally required to be disclosed.

4. This Order does not obligate JPMorgan to disclose any privileged materials or material that are that are otherwise exempt from discovery or any materials that are not responsive to the Subpoena. All covenants and agreements which are set forth in this Order shall survive any termination of the Action.

5. The Judgment Creditor agrees that the disclosure, release, or use of any of JPMorgan's Confidential Information, other than in the Action, could give rise to immediate and irreparable harm to JPMorgan, which may be inadequately compensable in damages. Accordingly, JPMorgan may seek and obtain injunctive relief against any breach or threatened breach of this Order, in addition to any other remedies which it may have at law or in equity.

6. Production or disclosure of Confidential Information under this Order shall not prejudice any of JPMorgan's rights to maintain the trade secret status or confidentiality of that information for any other purpose.

7. The production of any document or information designated as "Confidential" and the designation of any document or information as "Confidential" shall not constitute an admission by JPMorgan, or waive any rights of JPMorgan with respect to the propriety of its disclosure or its relevance. Nothing in this Order shall be construed as precluding JPMorgan from objecting to any use of Confidential Information.

8. The inadvertent disclosure by JPMorgan of any information subject to a claim of attorney-client privilege, attorney work product, or similar ground on which disclosure of such information should not have been made, shall not be construed as a waiver of such claim. Upon notification from JPMorgan about such inadvertent disclosure, the Judgment Creditor shall promptly return such material, and all copies thereof, to JPMorgan and shall not maintain any documents or information that refer to, or make use of in any way, the inadvertently produced

material. In the event the Judgment Creditor wishes to challenge an assertion of privilege or immunity with respect to any inadvertently produced material, the Judgment Creditor shall not assert the production of such material as the basis for a claim of waiver of any such privilege or immunity. Neither shall this Order be construed as requiring JPMorgan, or any other branch or subsidiary of JPMorgan, to commit any act that would violate any domestic federal, state, or local law, or any law of a foreign jurisdiction. The inadvertent disclosure in violation of such law shall not be considered as a waiver thereof.

9. If the Judgment Creditor is called upon to produce Confidential Information in order to comply with a court order, subpoena, or other direction by a court, administrative agency, regulatory body, or legislative body, the Judgment Creditor shall make reasonable efforts, if lawfully permitted to do so, to (a) provide prompt written notice by email of any such court order, motion, application for such an order, subpoena or discovery request, and a copy of any such court order, motion papers, application, subpoena or discovery request, to JPMorgan's counsel within at least five (5) business days from receipt; and (b) cooperate with JPMorgan in its efforts to prevent or limit the disclosure of such Confidential Information. Notwithstanding the foregoing, nothing in this paragraph shall be construed as requiring either party to this Order to subject itself to any penalties for noncompliance with any court order, subpoena, or other direction by a court, administrative agency, or legislative body.

10. Before the use of any Confidential Information at any hearing to be held in open court, counsel shall provide reasonable notice to counsel to JPMorgan and allow such counsel the opportunity to object to the disclosure of Confidential Information in open court. Any Confidential Information filed with or referred to in any motion papers or other documents filed with the Court shall be filed under seal.

11. Inadvertent failure to designate any material as Confidential Material shall not constitute a waiver of an otherwise valid claim of such designation pursuant to this Order, so long as a claim is asserted within fifteen (15) days after discovery of the inadvertent failure. At such time, arrangements shall be made by the Judgment Creditor to designate the material in accordance with this Order. Following notice of such claim, Judgment Creditor shall treat such material as Confidential Material in accordance with this Order.

12. Nothing in this Order shall be deemed to constitute or shall be interpreted as a waiver of any objection that JPMorgan may have to the disclosure of information based on the bank secrecy laws or other laws of any nation, or any department, agency, branch or subdivision thereof, that may forbid, limit, restrict or make unlawful any such disclosure.

13. No breach of any term or provision contained herein shall be deemed waived unless such waiver is in writing and signed by an authorized representative of the non-breaching Party, and any such waiver shall not constitute a waiver of any different or subsequent breach.

14. This Order constitutes the entire agreement between the parties with respect to the subject matter hereof. The terms of this Order shall be binding upon, and shall inure to the benefit of, each of the parties and their successors and assigns. This Agreement shall be governed by, and construed and enforced in accordance with, the laws of the State of New York, without giving effect to any conflict of laws principles that would cause the laws of any other

jurisdiction other than those of the State of New York to apply. Any action or proceeding by either of the Parties to enforce this Agreement shall only be brought in the State of New York, County of New York, and the United States District Court for the Southern District of New York. The Parties hereby irrevocably submit to the exclusive jurisdiction of those courts and waive the defense of inconvenient forum. Service of process, summons, notice, or other document by mail to such Party's address set forth herein shall be effective service of process for any suit, action, or other proceeding brought in such court.

15. The Parties waive any right to trial by jury in connection with any dispute relating to this Agreement.

16. The obligations under this Order shall survive the termination of the Action and continue to bind the parties.

*/s/ Lydia Halpern*___________
Lydia Halpern
Kobre & Kim LLP 800 3rd Avenue
New York, NY 10022
+1 646 448 6211
lydia.halpern@kobrekim.com

*Attorneys for Petitioner ConocoPhillips Gulf of Paria B.V.*

*/s/ Carmine D. Boccuzzi*_____
Carmine D. Boccuzzi, Jr.
CLEARY GOTTLIEB STEEN & HAMILTON LLP
One Liberty Plaza
New York, New York 10006
T: 212-225-2508
cboccuzzi@cgsh.com

*Attorneys for Non-Party JPMorgan*

**SO ORDERED.**

**Dated: _______, 2026**

______________________
**Lorna G. Schofield**
**United States District Judge**